UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
EBONY PRESTON,

Plaintiff,

- against -

FOSTER AND GARBUS LLP, *et al.*,

Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
26-CV-2173 (PKC) (JAM)

PAMELA K. CHEN, United States District Judge:

On April 14, 2026, Plaintiff Ebony Preston ("Plaintiff"), proceeding *pro se*, filed this action (Compl., Dkt. 1), along with an application to proceed *in forma pauperis* ("IFP"), (Dkt. 2). For the reasons explained herein, Plaintiff's request to proceed IFP is granted, but the Court dismisses the Complaint.

## BACKGROUND

Plaintiff brings this action against Foster and Garbus LLP, the Brooklyn Public Library, J.P. Morgan Chase Bank, N.A., and the Department of Treasury, alleging "[b]reach of confidentiality at IRS New York Brooklyn Office, escalated Human Trafficking, [which] caused, physical Harm, exploitation of self and Family Members, Interstate crimes." (Compl., Dkt. 1, at 1–5.) Plaintiff requests no specific relief. (*See id.* at 6 ("Already written and decided.").) Plaintiff's Complaint contains no other allegations.

## LEGAL STANDARD

A district court shall dismiss an IFP action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the

Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, claims are frivolous when they lack "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**DISCUSSION**

The factual allegations in Plaintiff's Complaint can only be described as frivolous and "clearly baseless." *Id.* at 32 (citation omitted). Even giving the most liberal construction to Plaintiff's Complaint, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court cannot find that a cause of action has been alleged. Accordingly, the Court finds that Plaintiff's Complaint lacks any arguable basis in law or fact. *See Neitzke*, 490 U.S. at 325; *see also Lewis v. U.S., Dep't of Health Servs.*, No. 24-CV-2503 (PKC) (TAM), 2024 WL 1577930, at *2 (E.D.N.Y. Apr. 11, 2024) (dismissing *pro se* complaint as frivolous finding that the allegations were nonsensical and failed to present a cognizable claim); *Albarran v. Apple*, No. 22-CV-7382 (LDH) (SJB), 2023 WL 8622841, at *2 (E.D.N.Y. Dec. 13, 2023) (dismissing *pro se* complaint as frivolous where the Court could not discern what cognizable harm the plaintiff suffered). Moreover, the Court takes notice of the filing injunction entered against Plaintiff in *Preston v. Government Legal Department*, No. 26-CV-4332 (DG) (JAM) (E.D.N.Y. Oct. 5, 2026), Dkt. 6, which documents the eleven frivolous complaints filed by Plaintiff in this District, and supports finding this case frivolous as well.

**LEAVE TO AMEND DENIED**

Generally, a court should not dismiss a *pro se* complaint "without . . . granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim

might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). "[B]ut amendment should be denied where the complaint gives no indication that a valid claim might be stated." *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, at *3 (2d Cir. Sep. 15, 2022) (summary order). The Court concludes that granting leave to amend would be futile. The Complaint does not suggest any basis for a valid claim.

**CONCLUSION**

For the foregoing reasons, the Court grants Plaintiff's IFP Motion and dismisses Plaintiff's Complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies IFP status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to enter judgment and mail a copy of this Order and the judgment to Plaintiff.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 13, 2026
Brooklyn, New York